UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSAMA WILLIAMS,

    Plaintiff,

v.

AK STEEL DEARBORN WORKS, et al.,

    Defendants.
_____/

Case No. 17-cv-11394
Hon. Matthew F. Leitman

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO ORDER DENYING PLAINTIFF'S MOTION TO AMEND SHCEDULING ORDER TO EXTEND ALL DEADLINES (ECF #46)

On December 4, 2018, Magistrate Judge David Grand entered an order denying Plaintiff Osama Williams' Motion to Amend Scheduling Order to Extend All Dates. (*See* Order, ECF #44.) Williams filed that motion on September 11, 2018. (*See* Mot., ECF #40.) By that time, the discovery period under the scheduling order had already closed. In the motion, Williams sought, among other things, to re-open the discovery period so that she could conduct discovery. (*See id.*)

Magistrate Judge Grand's order clearly and succinctly sets forth the relevant factual background. (*See* Order, ECF #44.) The Court finds no clear error – indeed, no error at all – in Magistrate Judge Grand's factual recitation and adopts that recitation as its own. *See Sedgwick Ins. Co. v. F.A.B.E. Custom Downstream Sys. Inc.*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014) (when reviewing a non-dispositive

1

order entered by a Magistrate Judge, a district court reviews factual findings under the clearly erroneous standard). Rather than restate the factual recitation, the Court incorporates it for purposes this order.

After stating the facts, Magistrate Judge Grand applied the five-part test that governs requests to modify scheduling orders in this Circuit. (*See* Order, ECF #44 at Pg. ID 775, quoting test from *Benkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011).) That test requires consideration of the following factors:

> (1) When the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to discovery requests.

(*Id.*) Magistrate Judge Grand further recognized the Sixth Circuit's admonition that "the overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." (*Id.* at Pg. ID 776, quoting *Marie v. Am. Red Cross,* 771 F.3d 344, 366 (6th Cir. 2014).)

Magistrate Judge Grand concluded that all five factors weighed against extending the scheduling order, and in reaching that conclusion he repeatedly highlighted Williams' lack of diligence. (*See id.* at Pg. ID 776-77.) He stressed that Williams' counsel entered the case on April 27, 2018 – after the discovery period under the scheduling order had already closed – but that counsel did not seek to re-open discovery until September 11, 2018. (*See id.*) He further noted that Williams'

2

counsel delayed seeking to re-open discovery until *after* AK Steel had filed a motion for summary judgment. (*See id.*) Given counsel's unreasonable delay in moving to re-open discovery and the prejudice to AK Steel – from having briefed and filed a motion for summary judgment on the then-existing factual record – Magistrate Judge Grand concluded that a modification of the scheduling order was not warranted. (*See id.*)

Williams filed objections to Magistrate Judge Grand's order on December 18, 2018. (*See* Objections, ECF #46.) She objects on two primary grounds. First, she contends that she had a reasonable basis for waiting until September 11th to move to re-open discovery. She says that up until that time, her counsel had been "led to believe that [AK Steel] was considering agreeing" to re-open discovery in order to allow her to take discovery. (*Id.* at Pg. ID 785.) But AK Steel unequivocally told Williams' counsel – roughly *three months* before she filed her motion to re-open discovery and extend dates – that it would *not* agree to re-open discovery to permit Williams to take discovery. (*See id.* at Pg. ID 783, quoting June 12, 2018, email from AK Steel's counsel declining to stipulate to re-open discovery).[1] Moreover, in a

---

[1] In Williams' Objections, she also says that she delayed in filing the motion to re-open discovery and extend dates because her counsel was attempting to resolve "discovery disputes" with AK Steel's counsel. (Objections, ECF #46 at Pg. ID 785-86.) But Williams has not identified any unresolved "dispute" that could reasonably have justified a delay in moving to re-open discovery. As noted above, while Williams' counsel may have continued to seek AK Steel's agreement to re-open discovery to allow Williams to take discovery, AK Steel consistently expressed its

filing with the Court dated May 25, 2018, AK Steel argued that if the Court was inclined to permit any discovery after the close of the originally-ordered discovery period, the Court should limit that discovery to requests propounded *by AK Steel* and should *not* allow Williams to conduct such discovery. (*See* AK Steel Reply Brief, ECF #33 at Pg. ID 281.) Under these circumstances, Williams and her counsel could not reasonably have believed that AK Steel was contemplating an agreement to re-open discovery so as to permit Williams to propound discovery requests, and Williams' delay in moving to re-open discovery thus cannot be justified on the basis that she was waiting to hear back from AK Steel.

Moreover, based on statements by Magistrate Judge Grand in July of 2018 – two full months before Williams moved to re-open discovery – Williams was on notice that she would need to file a formal motion to re-open discovery if she wished to take discovery. Magistrate Judge Grand stated on the record at the conclusion of a hearing on July 3, 2018, that he was adopting AK Steel's proposal – described immediately above –to re-open discovery for the "exclusive[]" purpose of allowing *AK Steel* to take limited discovery. (Tr. 7/3/2018, ECF #37 at Pg. ID 306.) Thus, as of July 3, 2018, it had to have been crystal clear to Williams that (1) she was not authorized to take discovery and (2) she would need to formally request permission

---

opposition to that course of action. Thus, to the extent that the "dispute" referenced by Williams in her Objections is the dispute over whether to re-opening discovery, that dispute does not justify her delay in filing her motion.

4

to take discovery if she wished to issue discovery requests.[2] Yet, she waited more than two months to move to re-open discovery. That is a lack of reasonable diligence.

Williams' second primary objection is that AK Steel would not have been prejudiced by a re-opening of discovery. (Objections, ECF #46 at Pg. ID 786.) Magistrate Judge Grand properly rejected this argument. Williams did not seek to re-open discovery until *after* AK Steel had filed its motion for summary judgment. Re-opening discovery at that point would have rendered useless the time, effort, and money AK Steel spent preparing and filing its summary judgment motion based upon the then-existing record.

For all of these reasons, **IT IS HEREBY ORDERED** that Williams' Objections to Magistrate Judge Grand's December 4, 2018, order (ECF #46) are **OVERRULED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2019

---

[2] In Williams' Objections, she says that at the July 3, 2018, hearing, "[t]here was no mention of whether Plaintiff could conduct additional discovery." (Objections, ECF #46 at Pg. ID 783.) As noted above, that is incorrect. Magistrate Judge Grand said that he was re-opening discovery for the *exclusive* purpose of permitting AK Steel to take limited discovery. (*See* Tr. 7/3/2018, ECF #37 at Pg. ID 306.)

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2019, by electronic means and/or ordinary mail.

                                    s/Holly A. Monda  
                                    Case Manager  
                                    (810) 341-9764