UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSAMA WILLIAMS,

    Plaintiff,                                    Case No. 17-cv-11394
                                                    Hon. Matthew F. Leitman

v.

AK STEEL DEARBORN WORKS, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER (1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS (ECF #51) TO REPORT AND RECOMMENDATION (ECF #49), (2) ADOPTING IN PART AND DECLINING TO ADOPT IN PART DISPOSITION RECOMMENDED IN REPORT AND RECOMMENDATION, AND (3) GRANTING IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #38)**

**I**

In this action, Plaintiff Osama Williams brings claims against her employer, Defendant AK Steel Corporation, for violation of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12112 *et. seq*. (the "ADA"). (*See* Compl. ECF #1.) AK Steel filed a motion for summary judgment (*see* Mot., ECF # 38), and the assigned Magistrate Judge issued a Report and Recommendation in which he recommends that the Court grant the motion (the "R&R"). (*See* R&R, ECF #49). Williams filed timely objections to the R&R on April 2, 2019. (*See* Objections, ECF #51.)

The R&R is carefully-crafted, well-supported with persuasive case law, and well-reasoned. However, the Court respectfully disagrees with the Magistrate's Judge's assessment of Williams' deposition testimony concerning whether some of the functions of her prior warehouse job were essential. The Court concludes that when that testimony is construed in Williams' favor (as it must be at this stage of the proceedings), it (the testimony) precludes summary judgment in favor of AK Steel on Williams' claim related to her prior warehouse position. But the Court agrees with the Magistrate Judge that AK Steel is entitled to summary judgment on Williams' claim related to her current clerk position. Accordingly, the Court (1) **SUSTAINS IN PART AND OVERRULES IN PART** Williams' objections to the R&R (ECF #51) and (2) **GRANTS IN PART AND DENIES IN PART** AK Steel's motion for summary judgment (ECF #38).

## II

The factual background and governing legal principles are set forth accurately and in detail in the R&R. (*See* R&R, ECF #49 at Pg. ID 812-17.) The Court adopts those portions of the R&R and will not repeat them here.

## III

The dispositive question with respect to Williams' claim concerning her prior warehouse position is whether Williams could perform the essential functions of that position. AK Steel says that she could not. According to AK Steel, lifting more than fifteen pounds was an essential function of that position. In support of that contention,

AK Steel relies upon, among other things, a Physical Demands Assessment for the warehouse position (*see* ECF #38-2 at Pg. ID 517-20) and an affidavit form Said Haymour, a warehouse manager (*see* ECF #38-3 at Pg. ID 536-39). In Haymour's affidavit, he says that employees in the warehouse position are regularly required to lift items over fifteen pounds without any assistance. (*See id*. at Pg. ID 537-38.) AK Steel argues that Williams could not perform the essential lifting functions of her prior warehouse position because, as Williams has conceded, her doctor restricted her to lifting no more than fifteen pounds.

Williams offers competing evidence on this point. During her deposition, she denied that the Physical Demands Assessment for her prior warehouse position was accurate. (*See, e.g.*, Williams Dep., ECF #38-2 at Pg. ID 362, 364, 367, 384.) And she denied that the position required her to lift "heavy" packages on her own. (*See, e.g., id.* at Pg. ID 362, 367.)) She explained that the employees in the warehouse worked as a "team" and regularly helped each other lift "heavy" items that they could not lift on their own. (*See, e.g., id*. at 367, 385.) She also explained that she was able to use machinery to lift "heavy" items. (*See, e.g., id*.) Moreover, Williams insisted that with the machinery and the ordinary team support that was regularly available to lift "heavy" items, she could complete all of the lifting tasks that the warehouse position actually required. (*See, e.g., id*. at Pg. ID 395-96.) The Court concludes that Williams' testimony, when considered as a whole and construed in her favor, creates a material factual dispute as to (1) whether the lifting requirements identified by AK Steel were,

3

in fact, essential functions of Williams' prior warehouse position and (2) whether Williams was able to perform the essential functions of that job.[1]

The Magistrate Judge concluded that Williams' testimony that help and machinery were readily available to lift "heavy" items was too vague to defeat summary judgment. The Magistrate Judge's view of Williams' testimony is certainly reasonable. Indeed, whether Williams' testimony is sufficient to withstand summary judgment on her claim related to the warehouse position is a very close question. The Court respectfully views this difficult question differently than the Magistrate Judge. Accordingly, the Court **SUSTAINS** Williams' objection to the portion of the R&R recommending that the Court grant summary judgment in favor of AK Steel on Williams' ADA claim related to her prior warehouse position, and the Court will **DENY** AK Steel's motion for summary judgment on that claim.

## IV

The Magistrate Judge also recommended that the Court grant summary judgment in favor of AK Steel on Williams' claim related to her current clerk position. Williams has not raised any meritorious objections to this portion of the R&R. Indeed, it is not clear that Williams' objections address the specific basis on which the Magistrate Judge

---

[1] Williams is not arguing that other employees should be permitted to leave their own jobs to assist her with lifting heavy items. Instead, she contends that it was the standard practice of all employees in the warehouse to assist each other. In other words, a regular part of each warehouse employee's job, according to Williams, was to assist other employees with lifting.

recommended granting AK Steel summary judgment on this claim. Accordingly, to the extent that Williams objects to the Magistrate Judge's recommendation that the Court grant AK Steel's motion for summary judgment on Williams' ADA claim related to her current clerk position, that objection is **OVERRULED**, and the Court will **GRANT** summary judgment in favor of AK Steel on that claim for the reasons stated in the R&R.

V

For the reasons explained above, **IT IS HEREBY ORDERED THAT**:

1. Williams' objection to the portion of the R&R recommending that the Court grant summary judgment in favor of AK Steel on Williams' ADA claim related to her prior warehouse position is **SUSTAINED**;

2. AK Steel's motion for summary judgment is **DENIED** to the extent that it seeks entry of judgment on Williams' ADA claim related to her prior warehouse position;

3. Williams' objection to the portion of the R&R recommending that the Court grant summary judgment in favor of AK Steel on Williams' ADA claim related to her current clerk position is **OVERRULED**;

4. AK Steel's motion for summary judgment is **GRANTED** to the extent that it seeks entry of judgment on Williams' ADA claim related to her current clerk position; and

5. The Court will set this matter for trial on Williams' ADA claim related to her prior warehouse position.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 19, 2019, by electronic means and/or ordinary mail.

                                      s/Holly A. Monda
                                      Case Manager
                                      (810) 341-9764